SURETY FINANCE COMPANY OF TACOMA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44670.   Promulgated January 31, 1933.

*H. B. Jones, Esq.*, and *Robt. E. Bronson, Esq.*, for the petitioner.
*F. B. Schlosser, Esq.*, for the respondent.

619

OPINION.

SEAWELL: The record shows, as is fully set forth in our findings of fact, that the petitioner expended prior to March 23, 1926, in the matter of its organization and the sale of its capital stock, the sum of $36,646.73. It is stipulated that $14,658.69 of said amount fairly and reasonably represents the cost of selling petitioner's capital stock and the balance, amounting to $21,988.04, covers the other cost of organization, including the profits accruing to the California Company upon such transaction. It is also shown by the record that the entire sum of $36,646.73 was paid by the petitioner to the California Company in cash, and no part thereof represents current expense nor was any part thereof claimed or deducted by petitioner as such current expense. It is further shown that in the determination of the deficiency herein the respondent did not allow any portion of said expense of $36,646.73 as a deduction from gross income for either 1926 or 1927.

The questions for our determination are whether either the cost ($14,658.69) of selling petitioner's capital stock or the other expense ($21,988.04) incurred in the matter of organizing and putting in operation the petitioner corporation or both such costs may be amortized.

Counsel for the petitioner in their brief state they can see no logical basis for a distinction in the method of treatment between the cost or expense of sale of capital stock and the other expense of organization of the petitioner, nor do we.

The argument in behalf of the petitioner assumes that the decision of the court in *Hershey Mfg. Co.* v. *Commissioner*, 43 Fed. (2d) 298 (which reversed this Board on the disallowance by it of a deduction for exhaustion in the matter of organization expense), is correct and will be followed by us and that as there is no logical basis for treating differently the two items above set out, aggregating an organization expense of $36,646.73, both items or the full amount should be amortized over the life of the charter and recovered by pro rata exhaustion deductions over the 50-year period of petitioner's corporate life.

In *Simmons Co.*, 8 B. T. A. 631, we held that the Revenue Act of 1918 does not authorize any deduction of the amounts paid by a corporation as commissions for the sale of its capital stock. In so holding, the Board adhered to its previous rulings in the appeal of *Charles H. Lilly Co.*, 2 B. T. A. 1058, and *Emerson Electric Mfg. Co.*, 3 B. T. A. 932. See also *Corning Glass Works*, 9 B. T. A. 771; affirmed in part and reversed in part in 37 Fed. (2d) 798; certiorari denied, 281 U. S. 742; *Harrisburg Hospital, Inc.*, 15 B. T. A. 1014.

The *Simmons Co.* case, *supra*, was appealed and the decision of the Board therein affirmed, 33 Fed. (2d) 75, and certiorari denied, 280 U. S. 588.

We have carefully considered the opinion in the *Hershey Mfg. Co.* case, *supra*, and have the highest regard for the able court rendering the same, but, in view of the decisions and the reasons assigned therefor in the other cases cited herein, we are of the opinion that the principles applied therein are also applicable in the instant case and that the organization expenses, including the cost of sale of stock, are not, within the meaning of the Revenue law, either " ordinary and necessary expenses incurred in carrying on the business " of the petitioner nor a capital investment and we, therefore, hold that in computing petitioner's taxable net income for either of the years 1926 or 1927 it is not entitled to deduct from gross income aforesaid expenses nor amortize same.

Reviewed by the Board.

*Judgment will be entered for the respondent.*